IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON WALKER,

                      Petitioner,

v.                                                     OPINION and ORDER

WARDEN, FCI MILAN,                                24-cv-168-jdp

                      Respondent.

---

Jason Walker, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, seeking sentence credit for a conviction in the United States District Court for the Southern District of Indiana.[1] *United States v. Walker*, Case No. 16-cr-130. Walker contends that prison officials miscalculated his sentence by failing to give him credit for 18 months of time he spent in presentence detention in state custody. Walker argues that he is entitled to this credit under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), or *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). I directed the government to respond to the petition. Dkt. 3. The government responded, and Walker did not file a reply. I will deny Walker's habeas petition because he is not entitled to the sentence credit that he seeks.

BACKGROUND

On April 10, 2016, Walker was arrested in Indianapolis on state charges for armed robbery and armed kidnapping. Those charges were dropped, but Walker remained in Indiana state custody for alleged violation of his parole in a previous state criminal case. While Walker

---

[1] As stated in my previous order, Walker's transfer from FCI Oxford to FCI Milan does not divest this court of jurisdiction. Dkt. 3 at 1 n.1.

was still in state custody, he was indicted in the Southern District of Indiana for Hobbs Act robbery, brandishing a firearm during a crime of violence, and unlawful possession of a firearm by a convicted felon. *See Walker*, Case No. 16-cr-130 (S.D. Ind.), Dkt. 14. On October 6, 2016, Walker's state parole was revoked and he was sentenced in state court to three years in prison. Walker received 180 days of jail credit towards this state sentence, representing the time he spent in state custody from April 10, 2016.

On October 8, 2017, Walker completed his state sentence. Walker was then taken into federal custody. In August 2018, Walker pleaded guilty to the federal charges and was sentenced to 120 months in prison and three years of supervised release. The Bureau of Prisons granted Walker credit for his pretrial custody after his state sentence was completed on October 8, 2017, but not for his custody beforehand.

## ANALYSIS

Walker seeks additional credit toward his federal sentence running from his April 2016 arrest to the start his federal custody in October 2017. Walker contends that he is entitled to this credit under either *Willis* or *Kayfez*.

The Bureau of Prisons must credit a prisoner for time spent in detention before the start of his federal sentence if that time hasn't "been credited against another sentence." 18 U.S.C. § 3585(b). The 18 months of credit that Walker seeks in this habeas petition were already applied toward his state sentence. But the BOP has carved out two narrow exceptions to the bar on double credits. *See Willis*, 438 F.2d 923; *Kayfez*, 993 F.2d 1288. These exceptions apply when a federal sentence is ordered to run concurrently with a state sentence that has already been credited with presentence detention time, but when the state credits won't benefit the

2

federal prisoner because they won't shorten the overall time that he spends incarcerated. *See Medford v. Emmerich*, No. 24-cv-418-jdp, 2024 WL 4039794, at *2 (W.D. Wis. Sept. 4, 2024). But, as the government points out, for these exceptions to apply, a prisoner must have had concurrent state and federal sentences. Walker's sentences were not concurrent: his state sentence had been completed by October 2017, before imposition of his federal sentence. Walker did not sustain the type of harm that the *Willis* and *Kayfez* exceptions are meant to prevent.

Walker attaches a portion of his sentencing transcript indicating that the sentencing federal court recommended that he receive credit for the time he spent in state custody. Dkt. 1-1. If he means to argue that this recommendation entitles him to sentence credit, he is incorrect. The sentencing court can only recommend application of sentencing credit; the BOP does not have to accept that recommendation. *See United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("The district court had no authority to order the BOP to give Ross the credit because that authority rests exclusively with the BOP."). Accordingly, I will deny Walker's habeas petition.

ORDER

IT IS ORDERED that:

1. Petitioner Jason Walker's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2.  The clerk of court is directed to enter judgment and close the case.

Entered October 27, 2025.

                                          BY THE COURT:

                                          /s/

                                          _____

                                          JAMES D. PETERSON
                                          District Judge